FILED
OCT 30 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
October 8, 2019
Lyle W. Cayce
Clerk

No. 18-50499

D.C. Docket No. 5:16-CV-77-DAE

NOBLE COOPER; NORMAN COOPER, Estate of; JENNIFER COOPER; NATHAN COOPER; CARLY LOPEZ, Individually and as Next Friend of Nason Cooper and Nevon Cooper, Minors; NASON COOPER, A Minor; NEVON COOPER, A Minor,

    Plaintiffs - Appellees

v.

OFFICER OLIVER FLAIG; OFFICER ARNOLDO SANCHEZ,

    Defendants - Appellants

Appeal from the United States District Court for the
Western District of Texas

Before CLEMENT, ELROD, and DUNCAN, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is reversed and rendered.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

Certified as a true copy and issued
as the mandate on Oct 30, 2019
Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
October 8, 2019
Lyle W. Cayce
Clerk

No. 18-50499

NOBLE COOPER; NORMAN COOPER, ESTATE OF; JENNIFER COOPER; NATHAN COOPER; CARLY LOPEZ, Individually and as Next Friend of Nason Cooper and Nevon Cooper, Minors; NASON COOPER, A Minor; NEVON COOPER, A Minor,

Plaintiffs - Appellees

v.

OFFICER OLIVER FLAIG; OFFICER ARNOLDO SANCHEZ,

Defendants - Appellants.

FILED
OCT 30 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-77-DAE

Before CLEMENT, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Officers Oliver Flaig and Arnoldo Sanchez appeal the district court's order denying their motion for summary judgment. The district court determined that Flaig and Sanchez were not entitled to qualified immunity. Because the district court incorrectly applied the qualified immunity standard, we reverse and render.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50499

I

Mr. Nathan Cooper was alone at his parents' home when his brother, Mr. Norman Cooper, arrived. Norman, who appeared to be on drugs, pounded on the door. He eventually broke the chain lock and door frame and entered the home. Nathan called 911 and explained that he was "scared for his life," that Norman "broke in," and that Nathan did not know if Norman was "going to hurt [him] or not." Nathan also told dispatch that Norman was on drugs and would not let Nathan out of the house. Officers Flaig and Sanchez were dispatched to the scene. When they arrived, Nathan told Sanchez that he did not know if Norman had a gun and that Nathan feared Norman when Norman used drugs.

Meanwhile, Flaig and Norman were upstairs in the home. Sanchez eventually joined them. The parties dispute some of what happened upstairs, but it is undisputed that Flaig and Sanchez deployed their tasers multiple times in attempts to detain Norman. Flaig and Sanchez were eventually able to handcuff Norman and they then called a supervisor and emergency medical services to the scene. Flaig and Sanchez observed that shortly after being handcuffed Norman became still. This change in demeanor concerned Flaig and Sanchez and they radioed for emergency services to "step it up." Emergency medical services arrived on the scene and reported that Norman was unresponsive. He was pronounced dead shortly thereafter. An autopsy revealed that Norman died as a result of methamphetamine intoxication complicated by a prolonged struggle. Also contributing to his death was an enlarged heart.

Appellees, Noble Cooper; The Estate of Norman Cooper; Jennifer Cooper; Nathan Cooper; Carly Lopez; Nason Cooper; and Nevon Cooper, sued Officers Flaig and Sanchez alleging, among other things, that they used excessive force.

No. 18-50499

Flaig and Sanchez moved for summary judgment arguing that qualified immunity barred the claim. The district court concluded that because of "unsettlement in the law . . . the court cannot find as a matter of law that the Officers' use of force was 'objectively reasonable in light of clearly established law'" and denied qualified immunity on the excessive force claim.

## II

We have jurisdiction to review this appeal. "[I]nterlocutory appeals from the denial of summary judgment have been permitted in the qualified-immunity context for the purpose of resolving the abstract legal question of whether the lawlessness of a defendant's alleged acts had been clearly established at the time of their commission." *Colston v. Barnhart*, 146 F.3d 282, 287 (5th Cir. 1998); *see also Cole v. Carson*, 935 F.3d 444, 452 (5th Cir. 2019) (en banc).[1] Appellees assert that the denial of summary judgment "was based on . . . material factual issues," but this is incorrect. The district court denied summary judgment because "the court [could not] find *as a matter of law* that the Officers' use of force was 'objectively reasonable in light of clearly established law at the time the challenged conduct occurred.'" This is a legal question we have jurisdiction to review. But "[l]ike the district court, we must view the facts and draw reasonable inferences in the light most favorable to the plaintiff and ask whether the defendant would be entitled to qualified immunity on those facts." *Cole*, 935 F.3d at 452.

---

[1] Appellees spend five pages of their brief asking this court to "revisit and eliminate the collateral order doctrine's extension to qualified immunity" established in *Mitchell v. Forsyth*, 472 U.S. 511 (1985). Appellees urge this court to adopt Justices Brennan and Marshall's more narrow reading of the collateral order doctrine prescribed in their *Mitchell* dissent. *Id.* at 343–44 (Brennan, J., dissenting). However, Appellees seemingly fail to recognize that *Mitchell*, a United States Supreme Court decision, binds this court. Neither this panel, nor the Fifth Circuit sitting *en banc*, can "revisit and eliminate" the Supreme Court of the United States' binding precedent.

3

No. 18-50499

## III

The test for qualified immunity has two steps. "In the first we ask whether the officer's alleged conduct has violated a federal right; in the second we ask whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct." *Id.* at 451. To overcome the qualified immunity defense, Appellees must show that the law was so clear, under circumstances reasonably analogous to those Flaig and Sanchez confronted, that no reasonable officer would have used the amount of force they used. *See Brosseau v. Haugen*, 543 U.S. 194, 201 (2004).

Appellees do not meet this burden. They cannot point to any factually analogous case that would establish that Flaig and Sanchez's use of force was unreasonable.[2] In fact, recent Fifth Circuit precedent involving taser deployment suggests an officer's use of force is justified where two or more of the *Graham* factors[3] support the use of force. *See Pratt v. Harris Cty.*, 822 F.3d 174, 182 (5th Cir. 2016); *Poole v. City of Shreveport*, 691 F.3d 624, 629 (5th Cir. 2012); *Batiste v. Theriot*, 458 F. App'x 351, 355 (5th Cir. 2012) (unpublished). At least two of the *Graham* factors support Flaig and Sanchez's use of force in this case. First, it was reasonable for Flaig and Sanchez to suspect Norman

---

[2] Appellees cite numerous cases, none of which provide analogous facts. *See, e.g., Ramirez v. Martinez*, 716 F.3d 369, 379 (5th Cir. 2013) (denying summary judgment where only the first *Graham* factor weighed in favor of force used); *Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012) (holding that the tasing of a passenger in a car who "committed no crime, posed no threat to anyone's safety, and did not resist the officers or fail to comply with a command" was objectively unreasonable in light of clearly established law); *Anderson v. McCaleb*, 480 F. App'x 768, 773 (5th Cir. 2012) (unpublished) (denying summary judgment where the officer continued to tase the plaintiff after the plaintiff ceased resisting arrest).

[3] *Graham* instructed courts to look to: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight" when evaluating excessive force claims. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Case 5:16-cv-00077-DAE   Document 89   Filed 10/30/19   Page 6 of 6
Case: 18-50499      Document: 00515180428      Page: 5      Date Filed: 10/30/2019

No. 18-50499

had committed a crime such as burglary or trespass because Nathan informed 911 dispatch and Sanchez that Norman had broken into the home and was not allowing Nathan to leave. Second, it was reasonable for Flaig and Sanchez to believe that Norman posed a threat to himself, Nathan, and Flaig and Sanchez given Norman's erratic behavior and Nathan's communication to dispatch and Sanchez that he was afraid of Norman.

The district court correctly determined that because two of the *Graham* factors supported the use of force, clearly established law would not have put a reasonable officer on notice that deployment of a taser under these circumstances was unreasonable. But the district court nonetheless denied Flaig and Sanchez's motion for summary judgment on qualified immunity grounds. This was legal error. It is exactly because clearly established law would not have put a reasonable officer on notice that deployment of a taser under these circumstances was unreasonable that Flaig and Sanchez are entitled to qualified immunity. The district court erred in denying Flaig and Sanchez's motion for summary judgment.

REVERSED and RENDERED.